# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIC LEON CHRISTIAN,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,

    Defendant(s).

Case No. 2:23-cv-01300-JAD-NJK

**ORDER**

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

**I.**     *In Forma Pauperis* **Application**

Plaintiff filed an amended affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

1

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Although the Court construes complaints drafted by *pro se* litigants liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), they still must comply with the basic requirements of Rule 8, *see, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

Although not entirely clear, it appears that Plaintiff filed this lawsuit as a means to apply for various grants from the government. *See, e.g.*, Docket No. 1-1 at 6-10.[1] It is not clear why Plaintiff does not simply apply for those grants directly with the government, and filing a lawsuit to apply for grants does not appear appropriate. At bottom, Plaintiff has not identified a legal cause of action that he wishes to pursue through litigation. His complaint fails to provide the nuts and bolts required by Rule 8, including who is being sued, for what relief, and on what theory.

---

[1] The underlying factual allegations relate to a decades' old civil and criminal litigation allegedly arising out of accusations made by singer Janet Jackson. *See* Docket No. 1-1 at 2-6. The litigation cited appears to have been in a variety of state and federal courts. *See id.* at 5. To the extent Plaintiff is seeking to correct the records of those cases, *see id.* at 5, it would appear that relief must be sought in the underlying cases. That Plaintiff may not wish that the judges on those cases should hear any such motion, *see id.* ("The judges on the cases . . . continue to worship the celebrity false allegations"), is not sufficient ground to seek relief in a different jurisdiction or in a different case. *Cf. Cleveland v. Xiong*, 2022 WL 14013477, at *1 n.2 (D. Nev. Oct. 24, 2022).

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **November 1, 2023**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: October 2, 2023

_____
Nancy J. Koppe
United States Magistrate Judge