UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eric Leon Christian,<br><br>    Plaintiff<br><br>v.<br><br>United States of America,<br><br>    Defendant | Case No.: 2:23-cv-01300-JAD-NJK<br><br>**Order Dismissing and<br>Closing Case**<br><br>[ECF Nos. 3, 6, 7, 8] |

Plaintiff Eric Leon Christian commenced this action with a "Motion for Federal Grants," seeking $26,030,000 in grants to, among other things, allow him to "continue his creative career endeavors for a successful career in the film and music entertainment world as artist Crevenart."[1] A week later he filed a request for default judgment because "[t]his case is unchallenged beyond the two day motion rule,"[2] followed by a "Demand for Judgment"[3] and request for a writ of execution on a judgment that he claims was entered in this case on September 15, 2023.[4] In fact, there was no such judgment, nor does a two-day motion rule entitle Christian to one.

Because Christian is proceeding *in forma pauperis*, the magistrate judge screened his filings under 28 U.S.C. § 1915.[5] The magistrate judge noted that Christian's case-commencing document appears to be not a complaint as required by Federal Rule of Civil Procedure (FRCP) 3, but rather a demand that he be awarded more than $26 million in various federal grants.[6] "At

---

[1] ECF No. 1-1 at 7.
[2] ECF No. 3 at 1.
[3] ECF No. 6.
[4] ECF No. 7.
[5] ECF No. 8.
[6] *Id*. at 2

bottom," she summarized, Christian "has not identified a legal cause of action that he wishes to pursue through litigation. His complaint fails to provide the nuts and bolts required by [FRCP] 8, including who is being sued, for what relief, and on what theory."[7] So the magistrate judge ordered that Christian's complaint be dismissed with leave to amend by November 1, 2023.[8] She provided instructions for such an amendment and cautioned Christian in bold: "Failure to comply with this order may result in dismissal of this case."[9] Christian did not file an amended complaint, seek an extension of the deadline to do so, or otherwise challenge that dismissal, which occurred 31 days ago. So I now dismiss this case because Christian failed to comply with that order, has not properly commenced this action by filing a complaint, and has stated no plausible claim upon which this court could grant relief.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[10] A court may dismiss an action based on a party's failure to obey a court order or to comply with local rules.[11] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[12]

---

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.* (boldface emphasis deleted).

[10] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[11] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[12] *Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[13] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[14] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[15] Because this action cannot proceed until and unless plaintiff pleads a plausible claim for relief, the only alternative here is to enter a second order setting another deadline for the filing of an amended complaint. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources along the way. Plus, Christian has a long history of filing similar frivolous demands for judgment and writs of execution in this court.[16] So setting another deadline is not a meaningful alternative given these circumstances. The fifth factor thus favors dismissal.

---

[13] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[14] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[15] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

[16] *See, e.g.*, ECF No. 22 in *Christian v. United States*, 2:14-cv-1151-RFB-GWF; ECF No. 30 in *Christian v. Hoye*, 2:19-cv-364-RFB-EJY.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED**, and all pending motions **[ECF Nos. 3, 6, 7] are DENIED.** The Clerk of Court is directed ENTER JUDGMENT accordingly and to CLOSE THIS CASE. *In forma pauperis* status should not continue on appeal.

_____
U.S. District Judge Jennifer A. Dorsey
November 2, 2023