**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Eric Leon Christian,

      Plaintiff

v.

United States of America,

      Defendant

Case No.: 2:23-cv-01300-JAD-NJK

**Order Denying Motions**

[ECF Nos. 12, 14, 18, 19]

      Plaintiff Eric Leon Christian commenced this action with a "Motion for Federal Grants," seeking $26,030,000 in grants to, among other things, allow him to "continue his creative career endeavors for a successful career in the film and music entertainment world as artist Crevenart."[1] A week later he filed a request for default judgment because "[t]his case is unchallenged beyond the two day motion rule,"[2] followed by a "Demand for Judgment"[3] and request for a writ of execution on a judgment that he claims was entered in this case on September 15, 2023.[4]  In fact, there was no such judgment,[5] and because Christian had not properly commenced this case nor pled any plausible claim for relief, this case was dismissed and closed.[6]

---

[1] ECF No. 1-1 at 7.

[2] ECF No. 3 at 1.

[3] ECF No. 6.

[4] ECF No. 7.

[5] There was no default either.  The court did not enter default against any defendant, and the record contains no evidence that any defendant was lawfully served with process—a necessary precursor to the entry of default.  *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  And because the target of this suit was the United States, default judgment could not be entered unless "the claimant establishes a claim or right to relief by evidence that satisfies the court," Fed. R. Civ. Proc. 55(d), which also did not occur.

[6] ECF No. 10.

Christian moves to reconsider that dismissal.[7]  He reiterates the fantastical theory that underlies this case and many of his filings in other closed cases in this district and before the Ninth Circuit Court of Appeals: constitutional violations he endured during federal criminal prosecutions[8] entitle him to recompense in the form of mansions and luxury cars.  And the only thing standing in the way of his receipt of these millions of dollars in assets, he believes, is this court's refusal to sign a writ of execution.[9]  He again demands that the Clerk of Court issue that writ.

When a case has been terminated by judgment, as this one has,[10] motions for reconsideration are governed by Rule 60 of the Federal Rules of Civil Procedure, which allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding."[11]  Such a motion can be based on Rule 60(b)(1), which permits a court to vacate an order for "mistake, inadvertence, surprise, or excusable neglect;" or Rule 60(b)(6), which provides a catch-all basis for relief based on "extraordinary circumstances."[12]  Regardless of which subdivision of the rule applies, a motion for reconsideration "is not an avenue to re-litigate the same issues and arguments;"[13] a party seeking reconsideration must present "facts or law of a strongly convincing nature" that provide a "valid reason" why reconsideration is appropriate.[14]

---

[7] ECF No. 12.

[8] *United States v. Christian*, 2:09-cr-303-JAD-VCF; and 2:99-cr-1120-SVW in the Central District of California

[9] ECF Nos. 12, 14.

[10] ECF No. 11.

[11] Fed. R. Civ. P. 60(b).

[12] Fed. R. Civ. P. 60(b)(1), (6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

[13] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[14] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

Christian's filings fall far short of satisfying these standards.  This case was dismissed because it lacked a complaint and any plausible claim for relief.[15]  His motion for reconsideration and request for a writ of execution don't address those deficiencies, let alone cure them.

Christian has also filed a "Motion to Dismiss & Relief Execution DEMAND," and a "Motion to Strike & Relief Execution Demand," asking "that this case be dismissed because it was entered in error by the United States District Court of Nevada," but also demanding that this court "IMMEDIATELY EXECUTE ALL RELIEF DUE" for this case.[16]  Because this case has already been dismissed, the request for dismissal is denied as moot.  And because no relief can be granted in this improperly commenced, dismissed, and terminated action, Christian's demand for relief is denied.  **Any further request for relief related to this case will need to be sought on appeal to the Ninth Circuit Court of Appeal.**

However, Christian does explain that the notice of appeal that was filed in this case on December 16, 2023, was not intended as a notice of appeal in this case but rather a notice of appeal related to his case in the Central District of California (2:99-cr-1120-SVW).[17]  A review of that notice of appeal,[18] in fact, shows that it does not mention this instant District of Nevada case and appears to relate only to his California matters.  So this court will STRIKE that notice of appeal because it appears that it was not an appeal related to the instant case.

---

[15] ECF No. 10.

[16] ECF No. 18 at 1, 3.

[17] ECF No. 19.

[18] ECF No. 16.

1       IT IS THEREFORE ORDERED that Christian's motions for reconsideration and for a
2    writ of execution [**ECF Nos. 12, 14]] are DENIED.**

3       IT IS FURTHER ORDERED that Christian's motion to dismiss and relief execution
4    demand **[ECF No. 18] is DENIED**. But his request to strike [ECF No. 19] the notice of appeal
5    improperly filed in this case on December 16, 2023, is GRANTED. **The Clerk of Court is**
6    **directed to STRIKE the notice of appeal at ECF No. 16 and FORWARD a copy of this**
7    **order to the Clerk of the Ninth Circuit Court of Appeals.** Christian is advised that he may
8    also need to separately move the Ninth Circuit Court of Appeals to dismiss appeal number 23-
9    4244, as this district court lacks jurisdiction to effectuate the dismissal of that appeal. Christian's
10    "relief execution demand" filed along with that motion to strike **[ECF No. 19] is denied.**

11       **<u>Christian may not file any more documents in this closed case except for a proper</u>**
12    **<u>notice of appeal</u>** as this was never a viable case in which relief could be granted. **Any further**
13    **filings in this case will be STRUCK without prior notice.** Christian is further reminded of
14    Local Rule IA 7-1(b), which prohibits litigants from seeking relief from this court by letter or
15    other correspondence that is not a filed motion. Christian's persistent email correspondence to
16    various email addresses at the court and his daily, threatening telephone messages will not be
17    responded to, and the court will issue no relief based on those unauthorized and harassing
18    communications.

19

20                                 U.S. District Judge Jennifer A. Dorsey
                                      December 21, 2023

21

22

23